IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| REBA MYERS and DAVID EDWARD MYERS, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 5:20-cv-00068 |
| v. | ) ) ) | By: Elizabeth K. Dillon United States District Judge |
| CHAD F. WOLF, ACTING SECRETARY, DEPARTMENT OF HOMELAND SECURITY and UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

This case is before the court on plaintiffs' motion to reconsider under Federal Rules of Civil Procedure 52(b), 59(e), and 60(b).  (Dkt. No. 21).  The plaintiffs ask this court to reconsider its memorandum opinion (Dkt. No. 19) and order and final judgment (Dkt. No. 20), which granted defendants' motion to dismiss for lack of jurisdiction.  The motion has been fully briefed and is ripe for resolution.  For the reasons stated below, the court will deny the motion to reconsider.

I.  BACKGROUND[1]

**A.  Facts**

Plaintiffs Reba Myers and David Edward Myers' cigarettes were seized during a federal law enforcement investigation into the sale of contraband cigarettes at the Dollar Stretcher convenience store in Winchester, Virginia.  On August 17, 2015, law enforcement officers

---

[1] The court recounted the facts of the case more fully in its memorandum opinion (Dkt. No. 19) granting defendants' motion to dismiss.  *See Myers v. Wolf*, Civil Action No. 5:20-cv-00068, 2021 WL 4286600, at *1–2 (W.D. Va. Sept. 21, 2021).

applied for and obtained multiple warrants: (1) one warrant issued by the Western District of Virginia to search and seize specific items from the Dollar Stretcher, including cigarette related packaging items ("the search warrant"); and (2) eleven seizure warrants for civil forfeiture issued by the Northern District of West Virginia, including a warrant to seize all cigarette inventory from the Dollar Stretcher for civil forfeiture ("the forfeiture warrant"). (Defs.' Br. 4–5, Dkt. No. 17; Dkt. Nos. 18 at 3, 18-2, 18-3.)  The search warrant did not specifically provide for the seizure of cigarettes; rather, it provided for the seizure of "[c]igarette related packaging items, including but not limited to boxes, cartons, tax stamps[]."  (Pls.' Ex. 3 at 7, Pls. Opp. to Mot. to Dismiss, Dkt. No. 10-3.)  But the forfeiture warrant did provide for the seizure of cigarettes.  (Pls.' Ex. 1 at 7, Pls. Opp. to Mot. to Dismiss, Dkt. No. 10-1.)

On August 18, 2015, law enforcement officers executed the search on the Dollar Stretcher.  (Compl. 5; Search Warrant 26, Dkt. No. 9-1.)  Officers seized approximately 1,560 cartons of cigarettes.  (Compl. 5)  All of the seized cigarettes and packaging were marked with valid Virginia tax stamps.  (*Id.* at 6.)  According to the Myerses, the fair market value of the cigarettes was approximately $100,000.  (*Id.*)

On October 3, 2017, an indictment was filed in the Northern District of West Virginia charging Reba Myers and others with conspiracy to evade tobacco taxes and trafficking in contraband cigarettes.  (Compl. 6; Dkt. No. 9-5.)  The indictment included a forfeiture notice identifying the cigarettes for forfeiture upon conviction.  (Defs.' Ex. 5, Defs.' Mot. to Dismiss, Dkt. No. 9-5.)  In November 2018, the Northern District of West Virginia held a jury trial on the contraband cigarette charges.  (Compl. 6; Defs.' Br. 4, Dkt. No. 9.)  The proceeding resulted in a mistrial and dismissal of the case with prejudice, as well as an acquittal for Ms. Myers.  (*Id.*; Compl. 6.)

On October 28, 2019, the government notified Ms. Myers that it was not seeking forfeiture of the cigarettes that it seized from the Dollar Stretcher.  (Compl. at 8.)  However, the cigarettes have exceeded their shelf-life and are unable to be sold.  (Compl. 7.)

On October 13, 2020, Ms. Myers, along with Mr. Myers, filed this suit against the government and the Acting Secretary of the Department of Homeland Security.  Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–80, plaintiffs sought relief in the amount of the fair market value of the seized cigarettes, plus costs and fees.  (*Id.* at 9.)

**B.  This Court's Opinion and Order (Dkt. Nos. 19, 20)**

On February 17, 2021, defendants filed a motion to dismiss for lack of subject matter jurisdiction.  (Mot. to Dismiss, Dkt. No. 8.)  The government argued that it was immune from suit because the Myerses' claim is barred by the detention of goods exception in § 2680(c). (Defs.' Br. 5, Dkt. No. 9.)  The Myerses disagreed, arguing that a provision re-waiving sovereign immunity is applicable.[2]  (Pls.' Br., Dkt. No. 10.)

This court granted the defendants' motion to dismiss without prejudice, holding that the government was entitled to sovereign immunity.  Relying upon persuasive authority from the Seventh, Ninth, and Tenth Circuits, the court applied the "sole-purpose" test.  The court found that the government did not seize the cigarettes for the sole purpose of forfeiture; therefore, the re-waiver provision of 28 U.S.C. § 2680(c)(1) was not applicable.  The court reasoned, "the government initially seized the cigarettes while at the same time executing search and seizure warrants during a criminal investigation into cigarette trafficking.  Once it abandoned forfeiture, the government continued to hold the cigarettes as evidence for trial."  Further, the court stated, "The failure to include cigarettes in the search warrant was merely an oversight and is not

---

[2] The plaintiffs' motion for leave to amend was also before the court.  The court denied that motion.  The plaintiffs do not seek reconsideration of that motion.

evidence that the cigarettes were unconnected to the criminal investigation.  Importantly, an invalid seizure does not trigger the FTCA's re-waiver provision."  As support for these findings, the court noted the similarities to the District of Maryland's opinion in *Starr Indemnity & Liability Company v. United States*, which also found that the government acted with a dual purpose in seizing an aircraft during a drug investigation.  Civil No. CCB-18-3326, 2019 WL 4305529 (D. Md. Sept. 11, 2019).

## II.  DISCUSSION

Plaintiffs timely filed their motion to reconsider under Rules 52(b), 59(e), and 60(b). (Dkt. No. 21.)  Those rules allow the court to alter or amend its findings and judgment, including when there has been a mistake or misrepresentation.  *See* Fed. R. Civ. P. 60(b)(1), (3).  The plaintiffs seek reconsideration of their dismissed FTCA claim because "the Court unknowingly relied on an error of fact in reaching its decision."  (Mot. to Recons. 1, Dkt. No. 21.) Specifically, the plaintiffs point to the court's finding of fact that "[t]he government used the seized cigarettes as evidence" at Ms. Myers's trial in November 2018.  (Mem. Op. 3, Dkt. No. 19.)  Plaintiffs contend that without that fact, "only the stated purpose for the property seizure remains.  Specifically, the government's sole stated purpose for the seizure was to forfeit the property as a substitute asset."  (Mot. to Recons. 2.).

To support their contention that the sole purpose of the seizure was forfeiture, the plaintiffs point to the declaration of Michelle Lamboni, a paralegal with the United States Customs and Border Protection (CBP), which states that the pallets of cigarettes were initially documented as "non-evidence, forfeitable property" before being reclassified as "non-forfeitable evidence" two months later.  (Lamboni Decl. 2, Dkt. No. 9-6.)  Plaintiffs also argue that the seizure affidavit refers to the cigarette inventory as "substitute property" unrelated to the crime

4

of prosecution.  (Seizure Aff. 12, Dkt. No. 9-2; Mot. to Dismiss 10 n.3, Dkt. No. 9).  Finally, plaintiffs argue that the cigarettes were not "contraband" or "evidence of a crime" because the Myerses were not charged with illegal possession of cigarettes—the cigarettes were seized in Virginia and had valid Virginia tax stamps.

The government concedes that the seized cigarettes were not used as evidence in Ms. Myers's trial, which ended in a mistrial.  Regardless, the government argues that it is inconsequential whether the evidence was used at trial; the re-waiver provision is concerned with the government's purpose for the seizure when the seizure occurs.  The government argues that "[The cigarettes] were believed to be the contraband cigarettes, the instrumentality of the crime, and the evidence of the crime being investigated.  The seized cigarettes were akin to a drug dealer's cocaine stash seized during a search warrant obtained to investigate the drug dealer's cocaine distribution."  (Defs.' Opp. to Mot. to Recons. 5, Dkt. No. 22.)

In *Foster*, the Ninth Circuit held that "the re-waiver of sovereign immunity in 28 U.S.C. § 2680(c)(1)–(4) applies only to property seized solely for the purpose of forfeiture, even if the government had in mind, and later purposed, judicial forfeiture of property seized initially for a legitimate criminal investigative purpose."  522 F.3d at 1079.  Many of the cases applying *Foster*'s sole-purpose test are factually similar: the government seizes property pursuant to a search warrant and later seeks forfeiture.  *See, e.g., Petrovic v. United States*, No. 4:16-cv-1744-SNLJ, 2017 WL 1058852, at *2 (E.D. Mo. Mar. 21, 2017).  The facts of this case are ostensibly the opposite.  The search warrant provided for the seizure of cigarette related packaging items, not the cigarettes themselves, while the seizure warrant provided for their seizure.  The government originally classified the cigarettes as forfeitable property only to reclassify the

cigarettes as evidence two months later.  This factual distinction does not make a difference in the outcome of the proceeding.

First, despite erroneously finding the fact, the court did not rely on the government's use of the cigarettes at trial in finding that the government had a dual purpose in seizing the cigarettes.  (*See* Mem. Op. 12, Dkt. No. 19.)   Second, the court again looks to *Starr Indemnity* in support of the contention that the government in this case did not seize the cigarettes for the sole purpose of forfeiture.  In *Starr Indemnity*, the government seized an airplane to search it for drugs pursuant to a search warrant; later, the government initiated a forfeiture action with respect to the airplane.  The *Starr Indemnity* court held that "any claim that the seizure of the aircraft was unconnected to [the] criminal investigation is entirely speculative," 2019 WL 4305529, at *4, and further, "[i]t would appear necessary to seize the aircraft, at least temporarily, in order to search it."  *Id.* at n.9.  Similarly, here, while there was a seizure warrant for the cigarettes, those cigarettes were located inside the "cigarette related packaging" to be seized pursuant to the search warrant.  Even adopting the strictest reading of the warrants, to seize the cigarette related packaging, which was clearly connected to the criminal investigation and authorized by the search warrant, the government had to incidentally seize the cigarettes located inside. The government agents cannot be expected to empty the packaging.[3]

While the court did find a fact that was erroneous in its memorandum opinion, the court did not rely on that fact in its holding.  Further, the cigarettes were seized in connection to a legitimate criminal investigation, not solely for the purpose of forfeiture; therefore, the plaintiffs' motion for reconsideration is denied.

---

[3] Indeed, if no seizure warrant existed in this case, under the plaintiffs' rationale, the agents would have had to empty the packages, which would have destroyed the cigarettes.  Reading the re-waiver provision to require this would hamper "law enforcement officers' effectiveness in carrying out the important purposes underling the seizure" by raising the possibility of civil damages.  *Foster v. United States*, 522 F.3d 1071, 1078 (9th Cir. 2008).

III.  CONCLUSION

For the reasons stated above, the court will deny plaintiffs' motion for reconsideration.

(Dkt. No. 21.)  The court will issue an appropriate order.

Entered: March 18, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge